UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EXACT PROPERTY AND CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD COMPANY, and DOES 1-10, inclusive,<br><br>　　　　Defendant. | No. 2:21-cv-00928 WBS JDP<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

This is a subrogation lawsuit brought by a real property insurer regarding a fire that spread from a right-of-way controlled by defendant Union Pacific Railroad Company ("Union Pacific") on July 5, 2020, in Stockton, California. Plaintiff Exact Property and Casualty Company ("Exact") claims that Pacific's negligence contributed to the ignition of the fire, and that Union Pacific's conduct violated California Health & Safety Code §§ 13007 and 13008 and constituted a trespass. (See Def.'s Notice of Removal, Ex. A ("Compl.") (Docket No. 1).)  Union

1

Pacific now moves to dismiss Exact's claims in their entirety. (Mot. to Dismiss (Docket No. 6).)

I. Factual Background

Union Pacific owns a railroad easement which runs adjacent to plaintiff's insured's property, located at 1743 North Stanford Avenue, Stockton, California. (Compl. ¶ 18.) Plaintiff alleges that Union Pacific ordinarily exercised control over the easement by, among other things, intermittently cutting combustible vegetation, including dry grass, brush, weeds, litter, and waste. (Compl. ¶¶ 14-15.)

Prior to the fire, plaintiff alleges that Union Pacific neglected to remove combustible vegetation from the easement. (Compl. ¶ 15.) Plaintiff further alleges that Union Pacific knew, or should have known, that homeless persons routinely camped on the easement, and failed to take steps to remove them. (Compl. ¶ 16.) According to plaintiff, both of these actions exacerbated the risk of a fire starting and spreading from Union Pacific's easement. (Compl. ¶ 16.)

On July 5, 2020, a fire ignited on the Union Pacific easement. (Compl. ¶ 18.) Plaintiff alleges that the fire spread unabated to neighboring residences, severely damaging them. (Compl. ¶¶ 19, 20.) Plaintiff does not allege how the fire ignited. (See Compl. ¶ 18.) Plaintiff indemnified its insured for the damages caused by the fire, causing plaintiff to incur damages exceeding $500,000. (Compl. ¶¶ 21, 22.)

II. Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim

upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).
The inquiry before the court is whether, accepting the
allegations in the complaint as true and drawing all reasonable
inferences in the plaintiff's favor, the complaint has stated "a
claim to relief that is plausible on its face."  Bell Atl. Corp.
v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard
is not akin to a 'probability requirement,' but it asks for more
than a sheer possibility that a defendant has acted unlawfully."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  Id.  Although legal
conclusions "can provide the framework of a complaint, they must
be supported by factual allegations."  Id. at 679.

    A.    Negligence

Plaintiff first claims that Union Pacific acted
negligently by failing to remove combustible vegetation and
homeless persons from the easement.  (See Compl. ¶¶ 23-31.)
Under California common law, a negligence claim contains four
basic elements: (1) a legal duty to use care, (2) a breach of
such legal duty, which (3) causes (4) a resulting injury.  Kesner
v. Superior Ct., 1 Cal. 5th 1132, 1142 (Cal. 2016) (citing Beacon
Residential Community Ass'n v. Skidmore, Owings & Merrill LLP, 59
Cal. 4th 568, 573 (Cal. 2014)).  Union Pacific argues that
plaintiff's claim must fail because it did not owe plaintiff a
duty to act with due care.  (Mot. to Dismiss at 2-10).

"[D]uty differs from the other elements of a tort."
Shipp v. Western Eng'g, Inc., 55 Cal. App. 5th 476, 490 (3d Dist.
2020).  "Breach, injury, and causation must be demonstrated on

3

the basis of facts adduced at trial, and a jury's determination of each must take into account the particular context in which any act or injury occurred. Analysis of duty occurs at a higher level of generality." Id.

Union Pacific contends that it could not have owed plaintiff a legal duty to act because plaintiff's complaint does not allege that Union Pacific started the fire at issue. (Compl. ¶¶ 13-18.) If Union Pacific did not start the fire, it argues, the fire must have been started by a third party, and as "a general matter, there is no duty to protect others from the conduct of third parties." Morris v. De La Torre, 36 Cal. 4th 260, 269 (Cal. 2005).

While plaintiff's complaint does not allege that Union Pacific ignited the fire at issue, it does allege that Union Pacific's failure to clear land under its control of combustible vegetation and homeless persons was a substantial factor in causing the fire. Union Pac. R.R. Co. v. Ameron Pole Prods. LLC, 43 Cal. App. 5th 974, 981-83 (holding that defendant may be liable, even if some other person or condition was also a cause of the event, as long as defendant was a substantial factor in causing the harm). The California Supreme Court has clearly held that, where a plaintiff's negligence claim rests on allegations that a landowner has mismanaged property under his possession, "mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act." Kesner, 1 Cal. 5th at 1158 (quoting Preston v. Goldman, 42 Cal. 3d 108, 118 (Cal. 1986) (internal quotation marks omitted)).

4

This duty requires landowners to "maintain land in their possession and control in a reasonably safe condition," Ann. M. v. Pacific Plaza Shopping Center, 6 Cal. 4th 666, 674 (Cal. 1993) (superseded by statute on another ground as reflected in Saelzler v. Advanced Group 400, 25 Cal. 4th 763, 767-68 (Cal. 2001)), and even "encompasses a duty to avoid exposing persons to risks of injury that occur off site if the landowner's property is maintained in such a manner as to expose persons to an unreasonable risk of injury offsite." Kesner, 1 Cal. 5th at 1158 (quoting Barnes v. Black, 71 Cal. App. 4th 1473, 1478 (4th Dist. 1999)). The California Supreme Court has "found that landowners have a duty to prevent hazardous natural conditions arising on their property from escaping and causing injury to adjacent property." Id. (citing Sprecher v. Adamson Cos., 30 Cal. 3d 358, 368 (Cal. 1981)). The court therefore finds that, based on the facts alleged in plaintiff's complaint, Union Pacific had a duty to manage its property so as to avoid exposing plaintiff to an unreasonable risk of fire danger. See id.

Union Pacific next cites Rowland v. Christian to argue that the court should carve out an exception to this duty based on the facts of this case. See 69 Cal. 2d 108, 112 (Cal. 1968). In Rowland, the California Supreme Court set forth a multi-factor test "as a means for deciding whether to limit a duty derived from other sources." Brown v. USA Taekwondo, 11 Cal. 5th 204, 217 (Cal. 2021). These factors are: (1) foreseeability of harm to the plaintiff, (2) the degree of certainty that the plaintiff suffered injury, (3) the closeness of the connection between the defendant's conduct and the injury suffered, (4) the moral blame

attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and (7) the availability, cost, and prevalence of insurance for the risk involved. Rowland, 69 Cal. 2d at 113.

Applying these factors at this stage in the proceedings, the court sees no reason to depart from the well-established rule that landowners owe a duty to avoid exposing those off-site to hazardous natural conditions that arise on property under their control. Plaintiff's complaint adequately alleges that its injury was a foreseeable result of Union Pacific's conduct (see Compl. ¶¶ 12-31), and the facts alleged "allow reasonable inferences as to satisfying the other Rowland factors." See Heston v. City of Salinas, No. C 05-03658 JW, 2006 WL 8431034, at *5 (N.D. Cal. Jul. 11, 2006). The court therefore finds that plaintiff has adequately alleged a duty of care for the purposes of evaluating the sufficiency of its negligence claim on a motion to dismiss. See id.

Finally, Union Pacific argues that, because plaintiff's complaint does not specifically allege how the fire at issue was ignited, plaintiff has not adequately alleged a causal link between Union Pacific's conduct and the resulting fire sufficient to state a claim for negligence. See Kesner, 1 Cal. 5th at 1142 (reciting the elements of a common law negligence claim). Though plaintiff's complaint could be clearer in this regard, plaintiff does allege that (1) Union Pacific failed to remove combustible vegetation and homeless persons from the easement prior to July

6

5th (Compl. ¶¶ 15-16); (2) Union Pacific knew or should have known of these conditions (Compl. ¶¶ 14-16); (3) Union Pacific's failure to take steps to remove the homeless persons "exacerbated the fire risk already caused by Union Pacific's failure to remove combustible vegetation" (Compl. ¶ 16); and (4) that a fire ignited on the easement on July 5th (Compl. ¶ 18). These allegations readily give rise to the inference that Union Pacific's failure to manage its property in a reasonable manner was a substantial factor in causing the fire which harmed plaintiff, and are therefore sufficient to state a negligence claim against Union Pacific at the motion to dismiss stage. See Iqbal, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Ameron, 43 Cal. App. 5th at 981-83 (holding that defendant may be liable as long as it was a substantial factor in causing the harm).

Accordingly, the court will not dismiss plaintiff's first claim for negligence.

B.  Health & Safety Code §§ 13007, 13008

Plaintiff next claims that Union Pacific violated California Health & Safety Code §§ 13007 and 13008. (Compl. ¶¶ 32-37.) Section 13007 states that any "person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another . . ." shall be liable. Cal. Health & Safety Code § 13007. Section 13008 similarly imputes liability onto any "person who allows any

7

fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire . . . ." Id. at § 13008.

California courts have indicated that these provisions do "not establish a standard of care, but merely codify the basis of fire liability." Southern Pacific, 139 Cal. App. 3d at 633. In other words, a plaintiff must still establish that a fire was "negligently" set in order to prevail under these statutes. See id.; Sampson v. Hughes, 147 Cal. 62, 64 (Cal. 1905).

Union Pacific first argues that plaintiff's §§ 13007 and 13008 claims fail because Union Pacific had no duty to protect plaintiff's insureds from the actions of third parties, and thus could not be found to have acted negligently. For the reasons discussed in the section above, the court rejects this argument.

Second, Union Pacific argues that it cannot be found liable under either § 13007 or § 13008 because each statute requires the defendant to have taken some affirmative action in setting the fire. (Mot. to Dismiss at 10.) Section 13007 requires that a person have "set[] fire to," "allow[] fire to be set to," or "allow[] a fire kindled or attended by him to escape to" the property of another. Cal. Health & Safety Code § 13007. Similarly, § 13008 requires that a person "allow[] any fire burning upon his property to escape to the property of another." Id. at § 13008. Union Pacific contends that this language requires that it have had some "knowledge of the operative facts," such as knowing the fire is burning and allowing it to leave the property, in order to be held liable. (Mot. to Dismiss

8

at 10; Def.'s Reply at 3-4.)

This interpretation of §§ 13007 and 13008 has been rejected by California courts. In <u>Ventura County v. Southern California Edison Company</u>, the defendant argued that it could not be found liable under a prior version of § 13007 (which contained the same relevant statutory language) because, while the statute "require[ed] a finding that the fire was caused by defendant's direct and affirmative act of setting it," the evidence "show[ed] only negligent construction and maintenance which indirectly caused the fire." <u>Ventura Cnty. v. S. Cal. Edison Co.</u>, 85 Cal. App. 2d 529, 514-15 (2d Dist. 1948). The court rejected this argument because it failed "to give due consideration to the second classification contained in [§ 13007]: 'Any person who . . . negligently . . . allows fire to be set,' etc." <u>Id.</u> at 515. While the court noted that the word "'allow' has been found to import knowledge of the operative facts," as Union Pacific contends, the court specified that knowledge of the "conditions, circumstances, or conduct which might reasonably be expected to result in the starting of a fire" could suffice. <u>Id.</u>

Similarly, the California Court of Appeal, Second District, noted in <u>City of Los Angeles v. Shpegel-Dimsey, Inc.</u> that a plaintiff could recover damages for injury to its property under § 13008 where the defendant had not personally ignited the fire or knowingly allowed it to spread from its property. See 198 Cal. App. 3d 1009, 1019-20 (2d Dist. 1988). There, evidence submitted at trial showed that a fire ignited at the defendant's plastics factory but, notably, did not show that the defendant itself had ignited the fire or even that the defendant was aware

9

of it as it burned. See id. at 1016. On appeal, the court rejected plaintiff's argument that it was entitled to collect the costs of fire suppression under § 13008, but stated that, "to the extent plaintiff could prove defendant failed to exercise due diligence to prevent the spread of the fire beyond the confines of defendant's premises, section 13008 provides a basis for the recovery of damages for injury caused to the property . . . ." Id. at 1019.

Defendant argues that the court should depart from the holdings of Ventura County and City of Los Angeles and instead follow Department of Forestry & Fire Protection v. Howell, 18 Cal. App. 5th 154 (3d Dist. 2017). In Howell, the Court of Appeal held that the owner of property used for timber cutting could not be liable under California Health & Safety Code § 13009 for a fire negligently set when a bulldozer struck a rock on the property, because the landowner itself had not been involved in setting the fire. See Howell, 18 Cal. App. 5th at 164, 175-82.

Section 13009 allows entities or persons who incur fire suppression costs to recover those costs from "any person who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by him or her to escape onto any public or private property . . . ." Cal. Health & Safety Code § 13009. Though this language is similar to that of § 13007, Howell itself explained that § 13007 contains additional language not contained in § 13009: "any person who personally or through another . . . negligently . . . sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another." See

10

Howell, 18 Cal. App. 5th at 178-79 (emphasis in original); Cal. Health & Safety Code § 13007.

Howell expressly relied on this difference in the statutory language to distinguish its holding from that of Ventura County: the court explained that, while Ventura County had permitted a landowner who had "failed to properly maintain its own equipment" to be liable under the language of § 13007, the Howell court would not permit liability to attach to a landowner who had not affirmatively participated in the setting of the fire under § 13009 precisely because § 13009 does not allow recovery "against a person who acted 'personally or through another.'" See id. at 180 (citing Ventura Cnty., 85 Cal. App. 2d at 531-32). The court noted that it did not find this difference in outcomes to be "incongruous," because the California Legislature may have intended to "afford[] a longer reach in recovery efforts to an owner whose property was damaged than it afforded those who expended funds fighting or investigating the fire." Id. at 179.

Because plaintiff's claims here involve application of § 13007 rather than § 13009, the court finds that Howell is inapplicable to this case, and will instead follow the holding of Ventura County. Though several decades have passed since Ventura County was decided, Union Pacific does not cite to, and the court is not aware of, any subsequent case law disapproving of its holding that a defendant may be liable based on its knowledge of the "conditions, circumstances, or conduct which might reasonably be expected to result in the starting of a fire." Ventura Cnty., 85 Cal. App. 2d at 515.

Applying this holding to the allegations in plaintiff's complaint, the court finds that plaintiff has adequately pled a claim under California Health & Safety Code § 13007. Plaintiff alleges that, though Union Pacific had, at times, cleared its easement of combustible vegetation, it failed to remove such vegetation and homeless persons from its easement prior to the July 5, 2020 fire. (Compl. ¶¶ 13-30.) As a result of Union Pacific's failure to mitigate these fire risks, plaintiff alleges that the fire was allowed to ignite and spread to neighboring properties. (Id.) These allegations are sufficient to plausibly claim that Union Pacific had knowledge of the conditions or circumstances which might reasonably be expected to result in the starting of a fire, and thus negligently allowed the fire to be set and to spread from plaintiff's property. See Ventura Cnty., 85 Cal. App. 5th at 515. These allegations also sufficiently state a claim that defendant "failed to exercise due diligence to prevent the spread of the fire beyond the confines of defendant's premises" in violation of California Health and Safety Code § 13008. See City of Los Angeles, 198 Cal. App. 3d at 1019-20. To the extent plaintiff can prove it was Union Pacific's lack of due diligence which permitted the fire to spread to neighboring properties, §§ 13007 and 13008 may provide a basis for plaintiff to collect damages for injuries to the property of its insured. See id.; City of Los Angeles, 198 Cal. App. 3d at 1019-20.

Accordingly, the court will not dismiss plaintiff's second claim for violations of California Health & Safety Code §§ 13007 and 13008.

    C.    Trespass

Finally, plaintiff claims that the fire at issue, which spread from Union Pacific's easement onto its insured's property, constituted a trespass under California common law. "Trespass is an unlawful interference with possession of property." Staples v. Hoefke, 189 Cal. App. 3d 1397, 1406 (2d Dist. 1987). "The interference need not take the form of a personal entry onto the property by the wrongdoer." Smith v. Lockheed Propulsion Co., 247 Cal. App. 2d 774, 784 (4th Dist. 1967). "Instead, it may be accomplished by the casting of substances or objects upon the plaintiff's property from without its boundaries." Id. "There is no liability for a trespass unless the trespass is intentional, the result of recklessness or negligence, or the result of injuries in an extra-hazardous activity." Id.

Plaintiff argues that, because California law allows for trespass claims where the underlying conduct constitutes mere negligence, its allegations that Union Pacific negligently contributed to the conditions which led to the fire suffice to state a claim. Plaintiff cites to only one case in which a California court has held that a fire may constitute a trespass. See Elton v. Anheuser-Busch Beverage Group, Inc., 50 Cal. App. 4th 1301 (4th Dist. 1996) (holding that, like "intangible intrusions such as noise or vibrations," a fire may constitute a trespass if it causes physical damage to another's property).

Plaintiff is correct that, under Elton, a defendant may be liable for trespass if he negligently permits the fire to escape from his property. See id. at 1305-08. However, Elton was careful to note that defendant had intentionally set the fire on its property before negligently permitting it to escape and

13

damage the plaintiff's property.  Id. (noting that, when "a defendant intentionally starts a fire on its property, and negligently allows that fire to escape onto and to damage the adjoining plaintiff's property," the plaintiff may state a claim for trespass under California common law).  The only other case cited by plaintiff in support of its trespass claim, Robinson v. United States, 175 F. Supp. 2d 1215 (E.D. Cal. 2001) (Damrell, J.), also involved a case in which the defendant had intentionally set a fire and negligently permitted it to escape from its property.

The court therefore concludes that, unlike for plaintiff's negligence claim and California Health and Safety Code §§ 13007 & 13008 claims, in order for plaintiff to state a claim for trespass, plaintiff must plead facts that plausibly show Union Pacific took some affirmative action to set the fire at issue.  See Elton, 50 Cal. App. 4th at 1308; Robinson, 175 F. Supp. 2d at 1215.  Because plaintiff's complaint does not allege that Union Pacific affirmatively participated in the fire's ignition in any manner, plaintiff's trespass claim fails.  The court will therefore dismiss plaintiff's third claim for trespass under California common law.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 6) be, and the same hereby is, GRANTED in part.  Plaintiff's third claim for trespass under California common law is hereby DISMISSED.  In all other respects, defendant's motion to dismiss is DENIED.

Dated:  June 30, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

14